**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

ROBERT HORTON, on behalf of himself and all others similarly situated

Plaintiff

vs.

WORLDWIDE ELECTRIC CORPORATION; and RICK SIMMONDS, individually and in his role as Chief Executive Officer of Worldwide Electric Corporation,

Defendants

**CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**Index No. 16-cv-6536**

## NATURE OF ACTION

1. This is a proceeding for relief to redress the deprivation of rights secured to Plaintiff under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1343 (3) and (4); and 29 U.S.C. § 216(b).

3. This Court's supplemental jurisdiction of claims arising under New York State Law is also invoked, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

Plaintiff

5. Plaintiff Robert Horton is an individual residing in the City of Rochester, County of Monroe, and State of New York, who was employed by Defendants from approximately April, 2013, through in or about April, 2015, and who at all relevant times was an employee of Defendants', for purposes of both the FLSA and NYLL, within this District.

6. Plaintiff was classified by Defendants as exempt from the overtime requirements of both the FLSA and NYLL.

7. Specifically, Defendants' practice and policy was to pay Plaintiff a fixed amount for each pay period, without regard to the number of hours worked. Defendants frequently required Plaintiff to work in excess of forty hours per workweek without paying him for said hours.

Class Members

8. The Class Members are those employees of Defendants who were employed, classified, and paid in a manner similar to that of Plaintiff, and as a result of which were suffered or permitted to work by Defendants and not paid their statutorily required rates of pay for all hours worked.

9. Specifically, Defendants' practice and policy is to pay Plaintiff and Class Members a fixed salary for each week worked, without regard to the number of hours worked. Defendants require Plaintiff and Class Members to work in excess of forty hours per workweek on Defendants' premises, but do not compensate

them for hours worked in excess of forty at a rate at least one and one-half times that rate, as is required by the FLSA and NYLL.

10. In addition, Defendants practice and policy is to not pay Plaintiff and Class Members for one additional hour, at the basic minimum hourly rate, for any day on which they work a shift with a spread of hours that exceeds ten, as required by the NYLL.

Defendants

11. Defendant Worldwide Electric Corporation ("Worldwide") is a domestic corporation, with an address for service of process at 3540 Winton Place, Rochester NY 14623.

12. Defendant Rick Simmonds ("Simmonds") is an owner of Worldwide with substantial involvement in and control over all policies, procedures and operations, including day-to-day operations.

13. Simmonds, upon information and belief, maintains an address in the County of Monroe, State of New York.

14. Simmonds personally, and throughout Plaintiff's employment, gave Plaintiff specific instructions relating to his job duties, including work schedule, sales quotas, etc.

15. Simmonds personally supervised Plaintiff's performance and was present at Plaintiff's worksite on a full time basis.

16. Simmonds supervised Plaintiff directly, conducting sales meetings that Plaintiff was required to attend, issuing lists to Plaintiff of prospective customers to call, and personally monitoring Plaintiff's sales performance.

17. Simmonds personally had numerous discussions with Plaintiff concerning his performance, compensation, and future prospects with Worldwide.

18. Simmonds personally interviewed Plaintiff prior to Plaintiff accepting a position with Worldwide.

19. At all times relevant to this action, Worldwide was the employer of Plaintiff and Class Members within the meaning of both the FLSA and NYLL.

20. At all times relevant to this action, Simmonds was the employer of Plaintiff and Class Members within the meaning of both the FLSA and NYLL.

## CLASS ACTION ALLEGATIONS

21. The class consists of current and former employees of Defendants' who were injured by Defendants' illegal practice of refusing to pay them for hours worked in excess of forty at a rate at least one and one-half times their regular hourly rate.

22. Common questions of fact and law predominate in this action because the claims of both Plaintiff and Class Members are based on whether or not Defendants' policies of not paying an overtime premium, or a span of hours premium, violate the law.

23. The class size is believed to be in excess of 10 current and former employees.

24. Plaintiff will adequately represent the interests of the Class Members because he is similarly situated to the Class Members and his claims are typical of, and concurrent to, the claims of the other Class Members.

25. There are no known conflicts of interest between Plaintiff and other Class Members.

26. Plaintiffs' Counsel, Ferr & Mullin, P.C., is qualified and able to litigate the claims of Plaintiff and Class Members.

27. The claims arising under the New York Labor Law are maintainable as a class action under Federal Rule of Civil Procedure 23(b), subsection (3), because common questions of fact and law predominate among Plaintiff and the Class Members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FACTUAL ALLEGATIONS

28. Worldwide is in the business of selling products such as electric motors and related items.

29. Plaintiff's employment with Worldwide consisted primarily of inside sales activities, such as receiving orders over the telephone. During Plaintiff's employment, additional duties and responsibilities were added, but the sales responsibilities remained.

30. All of Plaintiff's duties were performed on Worldwide's premises. Defendants provided Plaintiff with a security code so he could enter the building early and stay late.

31. Plaintiff was required to work a schedule that was determined by Worldwide and/or Simmonds.

32. Plaintiff was required to work as many hours as were required by Defendants to satisfy Defendants' business needs. Plaintiff routinely worked in excess of fifty hours per week.

33. Plaintiff routinely worked shifts in excess of ten hours, but was not paid one additional hour at the minimum hourly rate for those shifts.

34. At all times, Plaintiff was paid a fixed amount for each week worked, without additional compensation for hours worked in excess of forty. Plaintiff was also paid a commission based on sales made.

35. Plaintiff's presumptive "straight-time" hourly rate for any given workweek must be calculated by dividing the total amount he was paid by forty. Plaintiff's presumptive overtime rate for each such workweek must be calculated by multiplying the aforementioned straight-time rate by one-and-one-half.

36. Based upon Plaintiff's recollection and notes, the following are specific, illustrative and non-exhaustive, examples of periods in 2013 during which he received approximately $1,126.92 (based on an annual salary of $55,000.00 and regular monthly payment of $300.00) for each period consisting of one workweeks, regardless of the number of hours that he worked, worked in excess of forty hours per workweek, and did not receive additional compensation for hours worked in excess of forty per workweek. The presumptive regular rate for these periods is $28.17 and the presumptive overtime rate is $42.26. The total unpaid overtime for the below periods, exclusive of liquidated damages, interest, etc. is approximately $17,548.31.

| Period | Total Hours | OT Hours | OT Rate | Total Owed |
|---|---|---|---|---|
| 5/6-5/11 | 48.50 | 8.50 | 42.26 | $359.21 |
| 5/13-5/18 | 60.00 | 20.00 | 42.26 | $845.19 |
| 5/20-5/25 | 60.25 | 20.25 | 42.26 | $855.76 |
| 5/27-6/1 | 55.50 | 15.50 | 42.26 | $655.02 |
| 6/17-6/22 | 60.00 | 20.00 | 42.26 | $845.19 |
| 6/24-6/29 | 60.00 | 20.00 | 42.26 | $845.19 |

| | | | | |
|---|---|---|---|---|
| 7/1-7/6 | 52.00 | 12.00 | 42.26 | $507.12 |
| 7/8-7/13 | 61.00 | 21.00 | 42.26 | $887.45 |
| 7/15-7/20 | 59.50 | 19.50 | 42.26 | $824.06 |
| 7/22-7/27 | 56.75 | 16.75 | 42.26 | $707.85 |
| 7/29-8/3 | 53.75 | 13.75 | 42.26 | $581.07 |
| 8/5-8/10 | 54.50 | 14.50 | 42.26 | $612.76 |
| 8/12-8/17 | 58.00 | 18.00 | 42.26 | $760.67 |
| 8/19-8/24 | 58.00 | 18.00 | 42.26 | $760.67 |
| 8/26-8/31 | 57.75 | 17.75 | 42.26 | $750.11 |
| 9/2-9/7 | 49.00 | 9.00 | 42.26 | $380.34 |
| 9/9-9/14 | 58.00 | 18.00 | 42.26 | $760.67 |
| 9/16-9/21 | 57.50 | 17.50 | 42.26 | $739.54 |
| 9/23-9/28 | 57.25 | 17.25 | 42.26 | $728.98 |
| 9/30-10/5 | 58.00 | 18.00 | 42.26 | $760.67 |
| 10/7-10/12 | 57.00 | 17.00 | 42.26 | $718.41 |
| 10/14-10/19 | 54.25 | 14.25 | 42.26 | $602.20 |
| 10/28-11/2 | 56.25 | 16.25 | 42.26 | $686.72 |
| 11/4-11/9 | 57.50 | 17.50 | 42.26 | $739.54 |
| 11/11-11/16 | 55.00 | 15.00 | 42.26 | $633.89 |

37. In addition, for any of the above periods in which Plaintiff received commissions, his presumptive straight time and overtime rates must be adjusted to include said commissions.

38. Plaintiff also worked on numerous Saturdays. For example, worked approximately four hours on or about each of the following dates: November 16, 2013, January 11, 2014, and February 15, 2016. These hours were in addition to those already worked in excess of forty in the respective workweek. These dates are examples only; Plaintiff's actual time records are in the possession of Defendants.

39. Based on the above presumptive overtime rate of $42.26, Plaintiff is owed an additional $169.04 for each of these dates. In addition, for any of these dates that

occurred in workweeks in which Plaintiff received commissions, his presumptive straight time and overtime rates must be adjusted to include said commissions.

40. Defendants are required by law to keep and maintain certain records, including records of hours worked by non-exempt employees.

41. Plaintiff is unable to calculate the exact amount of wages owed because the necessary records are in the possession of Defendants. However, the amount of damages is easily ascertainable by Defendants because they can be determined solely from the records that Defendants are required to maintain.

42. Plaintiff estimates, based on notes kept and his reasonable recollection, that he worked 1,194.50 hours of overtime for which he was not paid.

43. Based on a presumptive overtime rate of $42.26 and Plaintiffs' estimate of 1,194.50hours of unpaid overtime, Plaintiff is owed $50,479.57.

44. In addition, for periods in which Plaintiff received commissions, his presumptive straight time and overtime rates must be adjusted to include said commissions.

45. Defendants are able to calculate the exact amount they owe Plaintiff because they are required to keep records of all the hours that Plaintiff worked in each workweek.

46. Defendants can calculate Plaintiff's presumptive straight time rate by dividing his total compensation for any given workweek by forty. Defendants can calculate Plaintiff's presumptive overtime rate by multiplying the straight time rate by 1.5.

47. Plaintiffs can calculate Plaintiff's damages for any given workweek by multiplying the overtime rate by the number of overtime hours, which they are required to have records of.

FIRST CAUSE OF ACTION: FLSA

48. Plaintiff realleges the above paragraphs as if fully restated herein.

49. Defendants have knowledge of their responsibilities and obligations under the FLSA.

50. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Plaintiff and Class Members, in violation of the FLSA.

51. Defendants violated their obligations under the FLSA and are liable to Plaintiff and Class Members.

52. Further, Defendants' violations of their obligations under the FLSA were willful.

SECOND CAUSE OF ACTION: NEW YORK LABOR LAW

53. Plaintiff realleges the above paragraphs as if fully restated herein.

54. Defendants have knowledge of their responsibilities and obligations under the NYLL.

55. Defendants have failed to provide notices to Plaintiff and Class Members as required by the New York Labor Law.

56. Defendants failed to pay all wages due to Plaintiff and Class Members, on regular days designated in advance, pursuant to New York Labor Law.

57. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Plaintiff and Class Members, in violation of the New York Labor Law.

58. Defendants have willfully violated the New York Labor Law, and the supporting regulations issued by the New York State Department of Labor, with respect to their obligations to Plaintiff and Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, and respectfully request that this Court grant the following relief:

a. an award crediting Plaintiff and Class Members for all hours worked, at the appropriate hourly rates;

b. an award of the value of Plaintiff's and Class Members' unpaid hourly wages and overtime;

c. liquidated damages under the FLSA and NYLL equal to the sum of the amount of wages and overtime which were not properly paid to Plaintiff and Class Members;

d. an award of reasonable attorneys' fees, expenses, expert fees, and all other costs incurred in vindicating the rights of Plaintiff and Class Members;

e. an award of pre- and post-judgment interest;

f. statutory damages under the NYLL for not providing employees required written notices;

g. the amount equal to the value which would make Plaintiff and Class Members whole for the violations; and

h. such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: August 2, 2016

/s/

Robert Mullin
Ferr & Mullin, P.C.
Attorneys for Plaintiff
7635 Main St. Fishers
P.O. Box 440
Fishers, NY 14453
t (585) 869-0210
f (585) 869-0223